**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10315 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 4:19-cr-02595-DCB-LCK-1 |
| JOAQUIN ANTONIO ALVARADO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted July 19, 2021[**]

Before:    SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Joaquin Antonio Alvarado appeals from the district court's judgment and

challenges the 37-month sentence imposed following his guilty-plea conviction for

reentry of a removed alien, in violation of 8 U.S.C. § 1326.  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Alvarado first contends that the district court procedurally erred by failing to (1) consider the 18 U.S.C. § 3553(a) factors, and (2) explain the sentence adequately, including the court's reasons for rejecting his request for a downward departure or variance. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The district court's explanation for the sentence, though brief, reflects that the court considered the § 3553(a) factors and Alvarado's arguments, and concluded that a within-Guidelines sentence was justified by Alvarado's criminal and immigration history. The court was not required to do more. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (district court is not required to "tick off" the § 3553(a) factors to show that it has considered them and provides an adequate explanation as long as it is sufficient "to permit meaningful appellate review").

Alvarado next contends that the 37-month sentence is substantively unreasonable in light of the district court's alleged procedural errors and because his particular circumstances justified a downward departure or variance. The court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). In light of the § 3553(a) sentencing factors and the totality of the circumstances, the sentence is substantively reasonable. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

20-10315